### BUCKHOUT v. BROWNE.

1. APPEAL AND ERROR—FINDINGS OF LOWER COURT—CONCLUSIVENESS.

    Findings of fact of the trial court, if supported by the evidence, where the issue was tried without a jury, are conclusive on error.

2. SAME—REFUSAL OF REQUESTS—INCONCLUSIVE MATTERS.

    The refusal of requests for findings which, singly or collectively, would not necessarily change the result is not prejudicial.

Error to Kalamazoo; Knappen, J. Submitted February 16, 1910. (Docket No. 48.) Decided March 19, 1910.

Assumpsit by Romaine H. Buckhout and Frank J. Henry, copartners as the Buckhout-Henry Company,

against Ella Drake Browne for commissions on the sale of real estate. A judgment for plaintiffs is reviewed by defendant on writ of error. Affirmed.

*Boudeman, Adams & Weston,* for appellant.

*Harry C. Howard,* for appellees.

HOOKER, J. The defendant owned a business block in Kalamazoo, which she was desirous of selling, and made an arrangement with plaintiffs to aid in its sale. They were real estate agents. There seems to be no question but that she had previously placed it in the hands of one White for sale, and it is evident that plaintiffs solicited the privilege of selling the property. The parties tell radically different stories about the employment; defendant claiming that she gave plaintiffs but a week to sell it, for a price of $75,000, and afterwards terminated the arrangement and sold it herself for $70,000. The plaintiffs testify to a general authority to sell on the discharge of Mr. White, and subsequent collusion between defendant and the purchaser to avoid payment of a commission to the plaintiffs. The trial was without a jury, and a judgment was entered, on findings, in favor of the plaintiffs. Defendant has appealed.

A few of the errors assigned relate to the admission of evidence. We have examined these and find nothing of importance in these assignments. Most, if not all, of the testimony was properly admitted, and none of it, if immaterial, could well have injured the defendant. A large number of assignments are based on exceptions to findings of fact, while many others relate to refusals to find as requested. We find upon examination that all of the former and many of the latter relate to questions upon which there was contradictory evidence. Of one of these questions counsel say:

"It will probably be argued that because Henry denied these conversations with Peck and defendant about throwing over the contract, that there was evidence on which to

base the findings of fact and judgment. But we submit that the vast preponderance and weight of the testimony is against plaintiff on this question of throwing up the contract, and, considered in connection with the other claims made against this judgment, shows that the evidence did not support the findings of fact nor warrant a judgment for plaintiff."

We understand the rule to be that the finding of the trial judge must be accepted by us, on all questions of fact, supported by evidence.

The refusal of the requests for findings, if there are any justified by the evidence, is inconsequential, for the reason that, singly or collectively, they would not necessarily change the result.

We find no error, and the judgment is affirmed.

MOORE, MCALVAY, BROOKE, and STONE, JJ., concurred.